USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2139 UNITED STATES, Appellee, v. WILLY MARROQUIN, a/k/a Willy Adolfo Marroquin Mendez, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Cyr, Stahl and Lynch, Circuit Judges. ______________ ____________________ Thomas A. Grasso on brief for appellant. ________________ Sheldon Whitehouse, United States Attorney, Margaret E. Curran, __________________ ___________________ Assistant U.S. Attorney, and Stephanie S. Browne, Assistant U.S. _____________________ Attorney, on Motion For Summary Disposition and Memorandum In Support Of Motion For Summary Dispositon for appellee. ____________________ December 27, 1996 ____________________ Per Curiam. Upon careful review of the record, ___________ defendant's brief, and the government's motion asking that we summarily remand to the district court for further proceedings, we agree that oral argument is not necessary and that the requirements of U.S.S.G. 3E1.1(b) should be reconsidered on remand. Section 3E1.1(b) provides an additional 1-level reduction if the defendant qualifies for the initial decrease under 3E1.1(a), has an offense level of 16 or more, and either: (1) timely provid[es] complete information to the government concerning his own involvement in the offense; or (2) timely notif[ies] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. Once the reduction under 3E1.1(a) has been allowed, the only relevant inquiry is whether the defendant meets either of the criteria of 3E1.1(b). United States v. Talladino, _____________ _________ 38 F.3d 1255, 1266 (1st Cir. 1994). Here, the district court granted the 3E1.1(a) reduction and made no findings as to the 3E1.1(b) criteria. The government did not object in the district court to a  3E1.1(b) reduction, and now the government states that "The record suggests no obvious basis for denying the one-level reduction." -2- In these circumstances, we conclude that it is appropriate to vacate the sentence and remand the cause to the district court for resentencing after consideration of the 3E1.1(b) criteria. The district court may order any further proceedings it deems necessary before resentencing. Sentence vacated and cause remanded to the district ________________________________________________________ court for further proceedings consistent with this opinion. ___________________________________________________________ -3-